**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 30, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff -Appellee,

v.

STEVEN LANE ACKERMAN,

Defendant-Appellant.

No. 10-4066
(D.C. No. 2:08-CR-00304-DAK-8)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **EBEL**, and **HARTZ**, Circuit Judges.

Pursuant to a plea agreement, Steven Lane Ackerman pleaded guilty to one count of possession of five grams or more of actual methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 100 months of imprisonment. The government has moved to enforce the plea agreement's appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1325

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 2004) (en banc) (per curiam).  In response, Mr. Ackerman contends that the appeal waiver should not be enforced because the government breached the plea agreement at sentencing.

"[A]n appellate waiver is not enforceable if the Government breaches its obligations under the plea agreement."  *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212 (10th Cir. 2008).  Because Mr. Ackerman did not object in the district court, our review is for plain error.  *See Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009); *United States v. Bullcoming*, 579 F.3d 1200, 1205 (10th Cir. 2009).  "Thus, he cannot prevail unless he establishes that the district court committed error, the error was plain, and the error affected his substantial rights."  *Bullcoming*, 579 F.3d at 1205 (quotation omitted).

Mr. Ackerman contends that the government breached its obligation to recommend a sentence at the low end of the applicable Guidelines range by requesting before and at sentencing that the district court impose "'a sentence within the guideline range'" and "'a guideline sentence.'"  Aplt. Resp. at 2-3 (quoting R. Doc. 303 at 8 (government's response to appellant's sentencing memorandum), and Mot. to Enforce, Attach. C (sentencing transcript) at 50).  We doubt that this conduct constituted a breach; the government's references came in response to Mr. Ackerman's request for and argument in support of a below-Guideline sentence, and must be understood in that context.  And at the end of his sentencing presentation, the prosecutor explicitly upheld his obligation,

stating, "[b]ased on all [the sentencing factors], Your Honor, and the total record, a sentence of a hundred months, the low end of the guideline range, is more than fair." Mot. to Enforce, Attach. C at 51.

But even if there were a plain error, it did not affect Mr. Ackerman's substantial rights. To satisfy this prong, he "must demonstrate that [the error] affected the outcome of the district court proceedings." *Puckett*, 129 S. Ct. at 1429. "When the rights acquired by the defendant relate to sentencing, the outcome he must show to have been affected is his sentence." *Id.* at 1433 n.4 (quotations omitted). The district court sentenced him to 100 months of imprisonment, the bottom of the Guideline range of 100 to 125 months. Because he received the sentence the prosecutor had promised to recommend, he cannot show prejudice. *See id.* at 1432-33 ("The defendant whose plea agreement has been broken by the Government will not always be able to show prejudice, either *because he obtained the benefits contemplated by the deal anyway (e.g., the sentence that the prosecutor promised to request)* or because he likely would not have obtained those benefits in any event.") (emphasis added)).

Mr. Ackerman has not established any plain error with regard to the government's alleged breach of its obligations under the plea agreement. Because Mr. Ackerman makes no other arguments challenging the validity of the appellate waiver, this appeal is DISMISSED pursuant to the waiver. *See United States v.*

*Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (holding that this court need not address a *Hahn* factor that the defendant does not contest).

ENTERED FOR THE COURT
PER CURIAM